FISHER & HUDSON
JENNIFER HANWAY (SBN 313376)
jennifer@fisherhudson.com
950 W. Bannock, St., Ste. 630
Boise, Idaho 83702
Telephone: (208) 345-7000
Facsimile: (208) 514-1900

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRICORP CONSTRUCTION, INC., a California corporation, dba, TRICORP HEARN CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUERDON ENTERPRISES, INC., a Texas corporation; NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire corporation; NTA, INC., an Indiana corporation; ACC-U-SET CONSTRUCTION, INC., and DOES 1 through 30, inclusive, <br><br> Defendants. | Case No. 2:19-CV-02400-KJM-EFB <br><br> **ANSWER AND COUNTERCLAIM** |

COMES NOW Guerdon Enterprises, LLC ("Guerdon"), by and through their counsel of record, Fisher & Hudson, and by way of answer to Plaintiff's Complaint, admit, deny and aver as follows:

**FIRST DEFENSE**

The Complaint and each and every count contained therein fails to state a claim against Guerdon upon which relief can be granted.

**SECOND DEFENSE**

The Complaint was brought in an improper venue.

**THIRD DEFENSE**

The Plaintiff was contributorily negligent.

**FOURTH DEFENSE**

The Plaintiff's claims in the Complaint are barred by estoppel.

**FIFTH DEFENSE**

The Plaintiff's claims in the Complaint are barred by waiver.

ANSWER AND COUNTERCLAIM - 1

## SIXTH DEFENSE

The Plaintiff's claims in the Complaint are barred by release.

## SEVENTH DEFENSE

The Plaintiff's claims are barred by the statute of limitations.

## EIGHTH DEFENSE

The Plaintiff's claims are barred by failure of a condition precedent.

## RESPONSE TO COMPLAINT

Guerdon denies each and every allegation of the Complaint not specifically and expressly admitted herein.

1. With respect to Paragraph 1, Guerdon is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

2. With respect to Paragraph 2 of the Complaint, Guerdon denies the allegations contained therein.

3. With respect to Paragraphs 3 – 5, Guerdon is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

4. With respect to Paragraph 6, no allegations are contained therein which require a response. To the extent any factual allegations can be formulated from this statement Guerdon denies the same.

5. With respect to Paragraph 7 of the Complaint, Guerdon denies the allegations contained therein.

6. With respect to Paragraph 8 Guerdon admits only that Plaintiff and Guerdon entered into a Supply Agreement on or about January 16, 2015. Guerdon denies the remainder of the allegations contained therein.

7. With respect to Paragraph 9 Guerdon denies the allegations contained therein.

8. With respect to Paragraph 10 Guerdon admits the allegations contained therein.

9. With respect to Paragraph 11 Guerdon denies the allegations contained therein.

10. With respect to Paragraph 12 Guerdon admits that a letter was sent to Guerdon on August 31, 2018. Guerdon denies the remainder of the allegations contained therein.

11. With respect to Paragraph 13 Guerdon admits the allegations contained therein.

12. With respect to Paragraph 14 Guerdon no allegations are contained therein which require

a response. To the extent any factual allegations can be formulated from this statement Guerdon denies the same.

## FIRST CAUSE OF ACTION

13. With respect to Paragraph 15 of the Complaint, Guerdon reasserts and incorporates the responses from Paragraphs 1-12 above, as if the same were set forth in full herein.

14. With respect to Paragraphs 16 – 21 Guerdon denies the allegations contained therein.

## SECOND CAUSE OF ACTION

15. With respect to Paragraph 22 of the Complaint, Guerdon reasserts and incorporates the responses from Paragraphs 1-14 above, as if the same were set forth in full herein.

16. With respect to Paragraphs 23 - 27 Guerdon denies the allegations contained therein.

## THIRD CAUSE OF ACTION

17. With respect to Paragraph 28 of the Complaint, Guerdon reasserts and incorporates the responses from Paragraphs 1-16 above, as if the same were set forth in full herein.

18. With respect to Paragraph 29 – 33 of the Complaint Guerdon denies the allegations contained therein.

## FOURTH CAUSE OF ACTION

19. With respect to Paragraph 34 of the Complaint, Guerdon reasserts and incorporates the responses from Paragraphs 1 – 18 above, as if the same were set forth in full herein.

20. With respect to Paragraph 35 – 39 of the Complaint Guerdon denies the allegations contained therein.

## FIFTH CAUSE OF ACTION

21. With respect to Paragraph 40 of the Complaint, Guerdon reasserts and incorporates the responses from Paragraphs 1 – 20 above, as if the same were set forth in full herein.

22. With respect to Paragraph 41 of the Complaint, Guerdon admits that Guerdon Enterprises LLC entered into a Supply Agreement with Plaintiff which contained this language.

23. With respect to Paragraph 42 – 46 of the Complaint, Guerdon denies the allegations contained therein.

## SIXTH CAUSE OF ACTION

24. With respect to Paragraph 47 of the Complaint, Guerdon reasserts and incorporates the responses from Paragraphs 1 – 23 above, as if the same were set forth in full herein.

ANSWER AND COUNTERCLAIM - 3

25. With respect to Paragraph 48 of the Complaint, Guerdon denies the allegations contained therein.

26. With respect to Paragraph 49 of the Complaint, it contains a legal conclusion and requires no response. To the extent any factual allegations can be formulated from this statement Guerdon denies the same.

27. With respect to Paragraphs 50 – 52 of the Complaint, Guerdon denies the allegations contained therein.

## SEVENTH CAUSE OF ACTION

28. With respect to Paragraph 53 of the Complaint, Guerdon reasserts and incorporates the responses from Paragraphs 1 – 27 above, as if the same were set forth in full herein.

29. With respect to Paragraphs 54 – 60 of the Complaint, Guerdon denies the allegations contained therein.

## EIGHTH CAUSE OF ACTION

30. With respect to Paragraph 61 of the Complaint, Guerdon reasserts and incorporates the responses from Paragraphs 1 – 29 above, as if the same were set forth in full herein.

31. With respect to Paragraphs 62 – 69 of the Complaint, Guerdon denies the allegations contained therein.

## NINTH CAUSE OF ACTION

32. With respect to Paragraph 70 of the Complaint, Guerdon reasserts and incorporates the responses from Paragraphs 1 – 31 above, as if the same were set forth in full herein.

33. With respect to Paragraphs 71 – 76 of the Complaint, Guerdon denies the allegations contained therein.

## TENTH CAUSE OF ACTION

34. With respect to Paragraph 77 of the Complaint, Guerdon reasserts and incorporates the responses from Paragraphs 1 – 33 above, as if the same were set forth in full herein.

35. With respect to Paragraph 78 of the Complaint, Guerdon admits the allegation contained therein.

36. With respect to Paragraphs 79 – 81 of the Complaint, Guerdon denies the allegations contained therein.

//

## ELEVENTH CAUSE OF ACTION

37. With respect to Paragraph 82 of the Complaint, Guerdon reasserts and incorporates the responses from Paragraphs 1 – 36 above, as if the same were set forth in full herein.

38. With respect to Paragraphs 83 – 86 of the Complaint, Guerdon denies the allegations contained therein.

## TWELFTH CAUSE OF ACTION

39. With respect to Paragraph 87 of the Complaint, Guerdon reasserts and incorporates the responses from Paragraphs 1 – 38 above, as if the same were set forth in full herein.

40. With respect to Paragraphs 88 – 95 of the Complaint, Guerdon denies the allegations contained therein.

## THIRTEENTH CAUSE OF ACTION

41. With respect to Paragraph 96 of the Complaint, Guerdon reasserts and incorporates the responses from Paragraphs 1 – 40 above, as if the same were set forth in full herein.

42. With respect to Paragraphs 97 – 101 of the Complaint, Guerdon denies the allegations contained therein.

## RESPONSE TO PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, Guerdon requests the following relief:

1. That Plaintiff take nothing by its Complaint and that the same be dismissed with prejudice.

2. An Order or Judgment be entered declaring Guerdon has not breached any duties or agreement with Plaintiff and that no damages be awarded to Plaintiff;

3. An Order be entered that no costs, expenses, attorney's fees, or any other relief shall be awarded to Plaintiff.

4. An Order that Defendant shall be entitled to an award of attorney's fees;

5. For other such relief as the Court may deem appropriate and proper under the circumstances.

## COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Defendant/Counterclaimant Guerdon Enterprises, LLC, by and through its counsel of record Fisher & Hudson, for causes against the Plaintiff/Counterdefendant TriCorp Construction,

ANSWER AND COUNTERCLAIM - 5

Inc. ("TriCorp"), hereby complains and alleges as follows:

PARTIES

1. Counterclaimant Guerdon Enterprises, LLC is a limited liability corporation registered in Texas with its sole member residing in Delaware.

2. Counterdefendant TriCorp is a corporation registered in California with its principal place of business in California.

## JURISDICTION

3. Jurisdiction is proper in the Eastern District of California pursuant to 28 U.S.C. § 1332.

## GENERAL ALLEGATIONS

4. On or about January 16, 2015, TriCorp and Guerdon entered into a Supply Agreement.

5. This Supply Agreement required a supply bond as part of the agreement.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

6. Guerdon incorporates paragraphs 1 – 5 as if fully set forth herein.

7. Guerdon and TriCorp entered into a Supply Agreement on or about January 16, 2015. Paragraph 11 of the Supply Agreement states that the Supply Bond shall only cover Guerdon's manufacture and supply of the Modular Units and the shipment of the Modular Units by Guerdon to the designated off-site storage area. Paragraph 11 further states:

> **GENERAL CONTRACTOR SHALL NOT SUBMIT OR ASSERT ANY CLAIMS OR DEMANDS TO THE SURETY UNDER THE SUPPLY BOND OR OTHERWISE FOR MATTERS COVERED BY GUERDON'S WARRANTY OR FOR MATTERS ARISING OUT OF OR IN CONNECTION WITH GUERDON'SON-SITE [SIC] CONSTRUCTION OR INSTALLATION SERVICES PERFORMED UNDER THIS AGREEMENT OR ANY OTHER AGREEMENT.**

8. Guerdon fulfilled all of its obligations required under the Supply Agreement

9. TriCorp failed to abide by the terms and obligations set forth in the Supply Agreement as set forth in detail herein.

10. Due to TriCorp's failure to meet their obligations under the Supply Agreement, Guerdon was harmed in an amount to be determined at trial.

11. TriCorp's breach of the Supply Agreement was a substantial factor in causing Guerdon's harm.

12. Guerdon has incurred, and will continue to incur, attorneys' fees and costs by reason of

ANSWER AND COUNTERCLAIM - 6

Defendant's breaches, all to its damage in an amount according to proof.

## DEMAND FOR JURY TRIAL

Guerdon demands a trial by jury of not less than 12 persons.

## PRAYER FOR RELIEF

WHEREFORE, Guerdon requests judgment against TriCorp as follows:

1. For damages according to proof;
2. For reasonable attorneys' fees and costs;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

Dated this 4th day of December, 2019:

*/s/ Jennifer Hanway*
Jennifer Hanway, SBN #313376

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2019 I filed the foregoing with the Clerk of the Court electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Daniel Steinberg     dsteinberg@trainorfairbrook.com
Jennifer Pruski      jpruski@trainorfairbrook.com

By: */s/ Jennifer Hanway*
Jennifer Hanway
Attorney for Plaintiffs

ANSWER AND COUNTERCLAIM - 8