UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICORP CONSTRUCTION, INC., | No. 2:19–CV–02400-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| GUERDON ENTERPRISES, INC., et al., | |
| Defendants. | |

On November 27, 2019, defendant Guerdon Enterprises, Inc. ("Guerdon") filed with this court a Notice of Removal of Sacramento County Superior Court Case No. 34-2019-00256495. Notice of Removal, ECF No. 1. On February 13, 2020, defendant Acc-U-Set Construction, Inc. ("Acc-U-Set") moved to remand this action to Sacramento County Superior Court. Mot. to Remand, ECF No. 15. On April 3, 2020, defendant Guerdon Enterprises, Inc. filed a statement of non-opposition. ECF No. 21. The court now GRANTS this motion.

Guerdon initially removed the action to this court on the basis of diversity jurisdiction, with diversity of citizenship between each of the defendants and plaintiff and the amount in controversy exceeding $75,000. Notice of Removal ¶¶ 7–15; *see also* 28 U.S.C. § 1332(a).

Acc-U-Set now moves to remand this action because they never consented to the initial notice of removal. Mot. to Remand at 1–2; Hall Decl. ¶¶ 2–5, ECF No. 15-2 (controller of

1

Acc-U-Set declaring she never agreed or consented that this lawsuit be removed).  Acc-U-Set argues the initial notice of removal did not even discuss whether Acc-U-Set or other defendants consented to removal—the notice of removal only mentioned other defendants at length in the context of their state of citizenship.  Notice of Removal at 2–3; *see also* Mot. to Remand at 2. Acc-U-Set was properly served with the complaint and summons on November 10, 2019, which was prior to Guerdon filing the notice of removal.  Mot. to Remand at 2; Steinberg Decl., Ex. A, ECF No. 15-1 (attorney for plaintiff attaching a true copy of the proof of service on Acc-U-Set).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  Failure to have all defendants consent to removal "qualifies as a 'defect' in a removal procedure, one of the grounds listed in 28 U.S.C. § 1447(c)." *Aguon-Schult v. Guam Election Com'n*, 469 F.3d 1236, 1240 (9th Cir. 2006) (*quoting California v. NRG Energy, Inc.*, 391 F.3d 1011, 1023 (9th Cir. 2004))

Here, Acc-U-Set filed this motion almost three months after Guerdon filed the notice of removal—far beyond the 30-day deadline for a remand motion on the basis of a procedural defect.  Thus, Acc-U-Set did not file this motion to remand in a timely manner.  While the court notes Acc-U-Set's failure to meet its deadline, Guerdon's statement of non-opposition and consent to remand this action demonstrates the matter should not remain before this court.

Therefore, the court GRANTS the motion to remand to Sacramento County Superior Court for further proceedings.  This order resolves ECF No. 15.  Additionally, the status (pretrial scheduling) conference scheduled for May 14, 2020 is VACATED.

IT IS SO ORDERED.

DATED: May 5, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE